## J. H. HUDSON et al., Appellants, v. E. T. BROWNING.

### Division One, March 2, 1915.

1. **CONTRACT: Mutuality: Promise for Promise.** Mutuality of contract means that an obligation must rest upon each party to do or permit to be done something in consideration of the act or promise of the other. A promise is a good consideration for a promise, but there must be two promises, and each must be a promise to do some definite thing. And if one of the parties is not bound, neither is.

2. **————: ————: Uncertain and Indefinite Thing: Tie Contract.** By a written contract for the purchase and sale of ties, plaintiffs "do not bind themselves to make or purchase and deliver the full two hundred thousand ties, but they do bind themselves to use every effort at their command to secure as many of the 200,000 ties as their time, money and efforts will permit;" and defendant "does, however, agree to purchase and receive from said parties, the full 200,000 ties enumerated above, or any portion thereof, within the time limit stated above, if said first parties, with their best efforts, are able to secure that many ties within said time limit, and at the price of fifty-five cents each tie." *Held*, that defendant undertook to receive and pay for 200,000 ties, but plaintiffs did not undertake to deliver that or any definite number, and the agreement is void for want of mutuality, for defendant should not be held bound to receive unless plaintiffs were bound to deliver.

Appeal from Cole Circuit Court.—*Hon. R. A. Breuer,* Special Judge.

AFFIRMED.

*Charles M. Hay* and *A. T. Dumm* for appellants; *N. T. Gentry* of counsel.

(1)   In an action for a breach of contract, the first point necessary for the court to ascertain is whether or not a valid contract was entered into between plaintiff and defendant.   The evidence shows that the plaintiffs went to work under this contract, made a large number of the railroad ties, which were the subject of the contract, and that a large number of these ties were delivered to the defendant and paid for by him. (2)   In a case where a plaintiff executed a contract with a railroad company to make and deliver two hundred thousand ties, and a part of said ties were made and delivered, and the defendant's tie agent wrote plaintiff a letter "not to get out any more," and a suit was brought for damages, this court said, "It has been repeatedly held that where a party engaged in the performance of his contract is notified by the other party to proceed no further, the party so notified is fully justified in quitting the work and suing for damages for breach of contract."   Chapman v. Railroad, 146 Mo. 493; Halpin v. Manny, 57 Mo. App. 61; Gabriel v. Brick Co., 57 Mo. App. 520; Anson on Contracts (2 Am. Ed.), p. 373; Cort v. Railroad, L. R. 17 Q. B. 127; Derby v. Johnson, 21 Vt. 17; Berthold v. Elec. Con. Co., 165 Mo. 304; Canda v. Wick, 100 N. Y. 127; Hincley v. Steel Co., 121 U. S. 246; Hosmer v. Wilson, 7 Mich. 293; Clark on Contracts, p. 444; Bishop on Contracts, sec. 827; Bean v. Miller, 69 Mo. 384; Little v. Mercer, 9 Mo. 218; Pond v. Wyman, 15 Mo. 175; Nearns v. Harbert, 25 Mo. 352.   (3)   The proper measure of damages is what the plaintiffs would have received for completing the contract, less the cost to them of completing the same.   Berthold v. Elec. Con. Co., 165 Mo. 304; Southerland on Dam. (2 Ed.), sec. 715; Gabriel v. Brick Co., 57 Mo. App. 520; Danforth v. Railroad, 93 Ala. 614; Heine v. Meyer, 61 N. Y. 171; Preble v. Battom, 27 Vt. 249.   (4)   The contract is definite and mutual.   Trans. Co. v. Bolt & Nut Co., 114 Fed. 81; Rozier v. Railroad, 147 Mo. App. 297.

. *F. G. Harris* and *Ralph T. Finley* for respondent.

The trial court properly sustained the defendant's demurrer at the close of the evidence, because the written contract sued on is void for lack of mutuality. (a) One party to a contract is not bound thereby when it does not bind the other party; when there is no liability, there is no obligation. 1 Parsons on Contracts (9 Ed.), p. 486, note. Where the parties assume to make a contract in which a promise is the consideration for a promise, and analysis shows that one of the promises does not impose any legal duty upon the party making it, such promise is not a consideration for the other promise. This is what is often meant by saying that promises must be mutual. 1 Page on Contracts, p. 452; Hammon on Contracts, p. 682.; 7 Am. & Eng. Ency. Law (2 Ed.), 114. (b) The plaintiffs did not agree to furnish any certain number of ties, but on the contrary expressly provided that they did not agree to furnish any certain number. Therefore, as they were not bound themselves to furnish a definite number of ties and could not be made to respond in damages for failure to do so, they cannot recover damages from defendant for his failure to receive them. Campbell v. Handle Co., 117 Mo. App. 19; Jones v. Durgin, 16 Mo. App. 370; Coldblast Co. v. Bolt & Nut Co., 114 Fed. 77; Hoffman v. Maffioli, 104 Wis. 630. (c) The contract not only fails to designate the number of ties to be furnished by the plaintiffs, but it also fails to furnish any reasonable basis from which the number could be approximated. We admit that the exact number need not have been stated, but plaintiffs must have agreed to some basis from which the number could be computed. Rozier v. Railroad, 147 Mo. App. 298; Santaella v. Lang, 155 Fed. 719; Rehm-Zeiher Co. v. Walker & Co., 156 Ky. 6; Rockwell v. Knights Templar, 119 N. Y. Supp. 515; Higbie v. Rust, 211 Ill. 337. (d) It is well settled that the fact that a

part of the ties were delivered under the contract, void for lack of mutuality, does not have the effect of dispensing with the necessity of mutuality, nor does it make such contract mutual. The contract is void because the plaintiffs were and are not bound thereby and the delivery and acceptance of a part of the ties had the effect of completing the sale of the ties so delivered. Campbell v. Handle Co., 117 Mo. App. 19; Cold Blast Co. v. Bolt Co., 114 Fed. 77; Rehm-Zeiher Co. v. Walker, 156 Ky. 6.

GRAVES, P. J.—Action for damages for alleged breach of contract. By the petition the damages are charged in the sum of $18,082.10. Plaintiffs were tie contractors doing business in Boone and Callaway counties. Defendant is a tie contractor doing business at Kansas City, Missouri. At the close of plaintiffs' case the court gave a peremptory instruction to find for the defendant, and so entered judgment, from which the plaintiffs have appealed. The crux of the case is the validity or invalidity of the following contract:

"Memoranda of Agreement and Specifications for Cross ties between J. H. Hudson & Phillip A. Cain of Ashland and Guthrie, Mo., parties of the first part, and E. T. Browning and Company of Kansas City, Missouri, parties of the second part.

"Witnesseth: The said first parties agree to make and purchase and deliver to the second party, and the second party agrees to purchase and receive from said first parties, all the No. 1, hewn, white, post, burr oak or black walnut ties that said first parties may be able to purchase or make up, to 200,000 ties; commencing on this date and ending June 1, 1911. Said first parties do not bind themselves to make or purchase and deliver the full two hundred thousand ties, but they do bind themselves to use every effort at their command to secure as many of the 200,000 ties as their

time, money and efforts will permit them, and so long as they do this, said second party will not permit any other person or firm to purchase ties for them in the territory along or adjacent to the North Missouri Central Railway Company's line of road, for which the above ties are to be used for construction of said road. Said second party does, however, agree to purchase and receive from said first parties, the full 200,000 ties enumerated above, or any portion thereof, within the time limit stated above, if said first parties, with their best efforts, are able to secure that many ties within said limit, and at the price of fifty-five cents each tie.

"Specifications: All ties must be hewn from sound live and straight, white burr oak, or black walnut timber, free from wind shakes, rot, splits, and black or rotten knots. They must be hewn straight and smooth with the ends squared at right angles and must not vary more than one and one-half inches from eight feet in length.

"All the No. 1 ties must be of uniform thickness, which shall not be less than six inches nor more than seven inches and must be stripped of all bark. Sixty per cent of the No. 1 ties contracted for must have two hewn parallel faces, not less than eight inches wide at the narrowest part of each hewn face. Forty per cent of the the No. 1 ties may have two hewn faces less than eight inches, but not less than six inches at the narrowest part thereof, and in all other respects the ties must fill the foregoing specifications. Pole ties having a face from eight inches to six inches in width will be accepted under the same specifications as a tie with an eight inch face hewn from a large stick.

"The above are the specifications under this contract for No. 1 cross ties.

"For all No. 2 ties that may accumulate in the making of above ties (when they are sound, free from wind shakes, rot, splits, black or rotten knots and other

defects) said second party will purchase said No. 2 ties at price of twenty-seven and one-half cents each.

"Delivery: All ties must be delivered at any point on and along the outer edge of the right of way of the North Missouri Central Railway Company as surveyed, at and between the towns of Mexico, Columbia and Jefferson City, Missouri; delivery to commence at once and continue as fast as said ties can be secured. All the ties to be piled 2x7 in piles as high as first parties desire.

"Each tie shall be subject to inspection by second party, or their authorized agent, when piled on right of way, beginning May 1, 1910, and on the first day of each month thereafter during the life of this contract.

"Terms of payment to be cash or by check on the 15th day of each month (first payment being May 15, 1910) for all ties delivered and inspected up to the 10th day of each month; said second party agreeing to inspect all ties that may be piled on said right of way under this contract up to 10th day of each month.

"Witness, our hands and seals in duplicate (each being an original), this 25th day of February, 1910."

Defendant's counsel contend that the contract pleaded in the petition of plaintiffs is void for want of mutuality, and for that reason the court *nisi* was right in sustaining the demurrer to the evidence. An answer to this proposition disposes of the case. If the contract is void, there can be no action for damages for the breach thereof. The case therefore falls within a very narrow compass.

I. It should be noted that the present action only involves the profits that plaintiffs claim they would have made on No. 1 ties, and for that reason No. 2 ties are out of consideration. It must be noted that whilst the defendant does agree to receive and pay for 200,000 No. 1 ties at fifty-

Contract: Mutuality.

five cents each, yet plaintiffs, by their contract do not agree to furnish the full 200,000, or any definite portion thereof. The contract upon this point reads: "Said first parties (plaintiffs) do not bind themselves to make or purchase and deliver the full 200,000 ties, but they do bind themselves to use every effort at their command to secure as many of the 200,000 ties as their time, money and efforts will permit."

The foregoing is the promise of the plaintiffs as outlined in their contract. The promise of the defendant, as indicated by the contract, was: "Said second party does however, agree to purchase and receive from said parties, the full 200,000 ties enumerated above, or any portion thereof, within the time limit stated above, if said first parties, with their best efforts, are able to secure that many ties within said time limit, and at the price of fifty-five cents each tie."

The time limit was June 1, 1911. The date of contract was February 25, 1910. The evidence discloses some ties delivered and received under the contract. It also discloses a refusal to receive ties. These matters, however, are largely incidental. The vital question in the case is whether or not there was mutuality of agreement in this contract.

As stated the petition pleaded and counted upon this contract, and it was filed therewith as an exhibit. The defendant objected to the introduction of any evidence under the petition, because it failed to state facts sufficient to constitute a cause of action and then interposed its demurrer challenging the sufficiency of the facts shown. Without the introduction in evidence of this contract plaintiff made no case, and if it is void upon its face, their case is not helped by its introduction.

In our judgment this written instrument is void and non-enforceable for want of mutuality. Mutuality of contract is thus defined in 7 Am. & Eng. Ency. of Law (2 Ed.); at page 114;

"Closely related to the doctrine of consideration is the rule as to the mutuality of contract. Mutuality of contract means that an obligation must rest upon each party to do or permit to be done something in consideration of the act or promise of the other, that is, neither party is bound unless both are bound."

Now applying this rule to the contract before us how stands the instrument? There is an undertaking to receive and pay for 200,000 No. 1 ties, but there is no undertaking by plaintiffs to deliver that number, or any other definite number. Defendant should not be bound to receive, unless plaintiffs were bound to deliver. That the plaintiffs could not be sued for a failure to deliver 200,000 ties is evident, because they have not obligated themselves so to do. That defendant should not be obligated to take such number appears to us equally plain, because there was no mutuality of agreement such as made one promise a consideration for the other. The doctrine that neither should be bound unless both are bound determines the invalidity of this contract.

In a contract a promise is a good consideration for a promise, but there must be two promises to do some definite thing or things. The idea is fully illustrated in 1 Parsons on Contracts (9 Ed.), at p. 486, whereat it is said:

"A promise is a good consideration for a promise. And it is so previous to performance and without performance. As, if one promises to become a partner in a firm, and another promises to receive him into the firm, both of these promises are binding, each being a sufficient consideration of the other. So a promise by a seller to refund in case of deficiency in the thing sold is a good consideration for a promise to pay for any excess therein. If one promises to teach a certain trade, this is a consideration for a promise to remain with the party a certain length of time to learn,

and serve him during that time; but without such promise to teach, the promise to remain and serve, though it be made in expectation of instruction, is void. The reason of this is, that a promise is not a good consideration for a promise unless there is an absolute mutuality of engagement, so that each party has the right at once to hold the other to a positive agreement.''

To like effect 1 Page on Contracts, page 452: ''Where the parties assume to make a contract in which a promise is the consideration for a promise, and analysis shows that one of the promises does not impose any legal duty upon the party making it, such promise is not a consideration for the other promise. This is what is often meant by saying that promises must be mutual.''

In Hammon on Contracts, page 682, the rule' is thus stated: ''When the only consideration for a contract is that which arises from an exchange of promises, there must be mutuality of obligations, else the consideration is not sufficient. Both parties must be bound, so that, in case of breach by either, the other would have a right of action therefor. Thus, if, by reason of some informality or disability, one of the parties to a contract consisting of mutual promises could not be sued thereon, the contract is void as to the other party also, since there is no consideration for his promise.''

In Campbell v. Handle Co., 117 Mo. App. 19, the St. Louis Court of Appeals had up for consideration a contract very similar to the one at bar. The contract there pleaded and the facts in the trial are thus stated in the opinion:

''Plaintiff was to cut and deliver at defendant's factory in the city of Caruthersville, Missouri, ash timber of the length of six feet and two inches and four feet and nine inches, and none less than seven inches in diameter at the small end, at the price and sum of

$4.50 per cord, and all ash suitable size for saw stocks to be cut in lengths of twelve feet and four inches, fourteen feet, and sixteen feet, at the price and sum of $10 per thousand feet, and that by the terms of said contract, said prices were to be paid plaintiff by the defendant for all the timber that plaintiff could cut and haul off of what is known as the Cunningham land west and south of what is known as King millsite, in Pemiscot county, Missouri, from the time of making said contract until the first day of January, 1904. That the plaintiff, in order to prepare himself to perform his part of the contract, built roads and put up a boarding-house, which he furnished, all at a great expense, and laid out other sums of money for tools necessary to enable him to carry out the contract, and that he, under the contract, cut and delivered on defendant's mill yard, a large quantity of both kinds of timber named in the contract and that he continued to cut and deliver the timber until October 23, 1903, when the defendant forbade and refused to let him continue to cut and deliver any more of the timber.''

The court thus disposes of the case:

''We think the contract is void for want of mutuality. Plaintiff was not bound to cut and deliver any specific number of cords of bolts of any specific number of feet of saw stocks, nor was he bound to cut all the ash timber on any particular tract of land or any tract of land. The law, in respect to this class of agreements, is well stated by SANBORN, Circuit Judge, in Cold Blast Trans. Co. v. Kansas City Bolt and Nut Company, 57 L. R. A. l. c. 699, 114 Fed. 77, as follows:

'' 'But an accepted offer to sell or deliver articles at specified prices during a limited time in such amounts or quantities as the acceptor may want or desire in his business, or without any statement of the amount or quantity, is without consideration and void, because the acceptor is not bound to want, desire or take any of the articles mentioned. . . . Accepted

orders for goods under such void contracts constitute sales of the goods thus ordered at the prices named in the contracts, but they do not validate the agreements as to articles which the one refuses to purchase, or the other refuses to sell or deliver, under the void contracts, because neither party is bound to take or deliver any amount or quantity of these articles thereunder.'

"In Bailey v. Austrian, 19 Minn. 535, it was held that 'a contract to supply the proprietor of a foundry with all the pig iron wanted in his business until a certain date specified, was not binding because it does not bind the purchaser "to want" any quantity whatever.' 'Mutuality of contract means that an obligation rests upon each party to do or permit to be done something in consideration of the act or promise of the other; that is, neither party is bound unless both are bound.' [7 Am. & Eng. Ency. Law (2 Ed.), 114.]

"In Crane v. Crane & Co., 105 Fed. 869, it was held that 'an agreement by a wholesale dealer to supply a retailer during a certain time at a stated price with so much of a commodity as the purchaser might require for his trade and which leaves it practically optional with the purchaser to increase or decrease his orders with rise or fall of prices, as may be most to his advantage, and the corresponding disadvantage of the seller, was void for want of mutuality.'

"Plaintiff was not bound under the terms of the contract to furnish any specified number of cords of bolts nor any specified number of feet of saw stocks. If he found it profitable to himself to cut and deliver all of the ash timber on the tract of land, he might do so. If, on the other hand, he found it unprofitable, he was at liberty to cease cutting and making deliveries at any time. There was therefore no mutuality of contract and the court should have so declared as a matter of law by granting defendant's instruction in the nature of a demurrer to the evidence."

Many cases could be cited, but they are all along the same line. There must be mutuality of agreement to give a valid contract. A written instrument which undertakes to create liability as to one party, without liability or obligation upon the other party thereto, is void as to both. In the case at bar there was no liability upon the part of the plaintiffs to furnish any definite number of ties. The clause in the contract which undertakes to fix a number less than 200,000, is entirely too vague, indefinite and uncertain to be effective. Note the language: "Said first parties do not bind themselves to make or purchase and deliver the full two hundred thousand ties, but they do bind themselves to use every effort at their command to secure as many of the 200,000 ties *as their time, money and efforts will permit them.*" Nothing is said in what territory their efforts should be used. The amount of time to be used is uncertain and indefinite as is also the money to be used.

Had plaintiffs failed to perform their contract, and defendant had sued them for damages, it is clear that there could have been no recovery, because of the indefinite terms of the purported obligation. We see no good reason for making this opinion longer with excerpts from the books, or with further elaboration of a well-established rule. The contract is clearly void, and so being, furnished no basis for the present action. The judgment *nisi* is for the right party and is therefore affirmed. *Blair, J.,* concurs; *Bond, J.,* concurs in result; *Woodson, J.,* concurs not only for the reasons expressed in the opinion, but also for reasons expressed in Reigart v. Coal Co., 217 Mo. 142.