SAGINAW MEDICINE COMPANY, a Corporation, Respondent, v. W. E. DYKES, J. W. TILLMAN and J. E. LURVEY, Appellants.

Springfield Court of Appeals, March 11, 1922.

1. **CONTRACTS: Contract to Supply Requirements of Buyer, Held Void for Want of Mutuality.** Where, under contract between a medicine company and one selling its goods, the company contracted to sell and deliver goods in such reasonable quantities as the buyer might from time to time require in his territory, and the buyer agreed only to "sell goods delivered to him under this agreement," The contract was void for want of mutuality.

2. **PRINCIPAL AND SURETY: Sureties not Held Beyond Letter of Obligation.** In determining the liability of sureties, the rule of *strictissimi juris* applies, and they cannot be held beyond the letter of their obligation.

3. **————: Guaranty Contracts Construed to Carry out Intention Expressed.** Contracts of guaranty are to be construed according to the ordinary meaning of the language used and with a view to carry out the intention expressed.

4. **GUARANTY: Guaranty of Payment for Goods to be Sold Binding when Goods Sold and Delivered.** Although a contract by which D. agreed to resell to the public such goods as he could, and to pay plaintiff therefor on its furnishing D. such goods, was not binding when made for want of mutuality, defendant's guaranty of full and complete payment by D. as set out in the agreement because binding when D. and plaintiff's contract became an executed agreement by performance and goods were ordered and delivered thereunder and in reliance on the guaranty.

5. **SALES: Contract Held One of Sale, not of Agency.** Contract by a medicine company to furnish goods that buyer sold in prescribed territory, *held* a contract of sale and not of agency.

Appeal From Greene County Circuit Court.—*Hon. Orin Patterson,* Judge.

AFFIRMED.

*Wright & Ruffin* for appellants.

(1)  There was no consideration:   (a)  Because it provides only to furnish him with medicines from time to time as he may require.  Hudson v. Browning, 264 Mo. 58, 67; Campbell v. Am. Handle Co., 117 Mo. App. 19; Reigart v. Coal & Coke Co., 217 Mo. 142, 152.   (b) Because no quantity provided.   (c)  Because not required to require any particular amount.   (d)  Because no mutuality.   Both parties to the contract must be obligated.   If one is not obligated then neither is.   Because the contract does not provide the territory.   (e) Because no specific or definite amount of goods was provided to be sold.   Hudson v. Browning, 264 Mo. 67.   (f) Because the contract shows on its face that same is unilateral.   Reigart v. Coal & Coke Co., 217 Mo. 151.   (2) If the contract is excluded from the evidence, then plaintiff can make no case, and if the contract is void on its face the plaintiff's case is not aided by its introduction. Hudson v. Browning, 264 Mo. 64.   (3)  Dykes was the agent of plaintiff and that being true the goods were never sold to him and no liability arises on the part of

the defendants Tillman and Lurvey.    The whole contract, construed together, shows one of agency:    (a) Dykes was not permitted to conduct the business as he chose.    (b) He was instructed in regard to prices at which he shall sell.    (c)   He was required to take certain precautions in regard to extending credit.    (d)   Required to make daily and weekly reports.    (e)   Required to make remittances.    Mfg. Co. v. Electrical Co., 184 Mo. App. 247, 260; Watkins v. Donnell, 192 Mo. App. 640, 652.    (f)   The oral evidence and the advertisement on the wagon shows agency.

*Talma S. Haffnan* for respondents.

(1)   The following cases have overruled practically every defense that could be raised under contracts of this kind: McConnon & Co. v. McCormack, 179 S. W. 275; Sioux Remedy Co. v. Cope, 235 U. S. 197; J. R. Watkins Co. v. Halloway, 181 S. W. 602; McConnon & Co. v. Haskins, 182 Mo. App. 140, 180 S. W. 21; J. R. Watkins Co. v. Halloway, 168 S. W. 290; Koch Veg. Tea Co. v. Malone, 163 S. W. 663; J. R. Watkins Co. v. Brand, 136 S. W. 867, 33 L. R. A. (N. S.) 960; Koch Veg. Tea Co. v. Shuman, No. 3590 Supreme Court Commission, Division No. 2, Okla. (Decision filed Feb. 29, 1914); Saginaw Medicine Co. v. Batey, 146 N. W. 329; Rawleigh v. Laursen, 141 N. W. 64; McConnon & Co. v. Laursen, 135 N. W. 213; Koch Veg. Tea Co. v. Davis, No. 3596, Second Division Supreme Court Commission, Okla.; Buck Stove and Range Co. v. Vicars, 226 U. S. 205; International Text Book Co. v. Pigg, 217 U. S. 91; Davis v. Wells, 104 U. S. 159.    (2)   The court rightfully excluded the evidence of agency.    Statements of a person as to his own status as an agent are inadmissible to vary the terms of a written agreement:   J. R. Watkins Co. v. Holloway, 181 S. W. 602; McConnon & Co. v. McCormick, 179 S. W. 275.    (3)   Contracts of this character have been expressly construed to be contracts of sale and not of agency:   J. R. Watkins Co. v. Halloway, 168 S. W.

290; McConnon & Co. v. Haskins, 182 Mo. App. 140; Dr. Koch Veg. Tea Co. v. Malone, 163 S. W. 633; Saginaw Medical Co. v. Batey, 146 N. W. 329. (4) The contract of guaranty is to be construed liberally and in futherance of its spirit, to promote the use and convenience of commercial intercourse: Davis v. Wells, 104 U. S. 159; Swift v. Warehouse, 158 S. W. 485. (5) A foreign corporation need not take out registration papers as a condition to the right to sue for the collection of accounts, though the State in which suit is brought has a statute requiring registration: J. R. Watkins Co. v. Halloway, 168 S. W. 290; Koch Veg. Tea Co. v. Shuman, No. 3590 Supreme Court Commission, Division No. 2, Okla.; Koch Veg. Tea Co. v. Malone, 163 S. W. 663; Buck Stove & Range Co. v. Vicars, 226 U. S. 205; International Text Book Co. v. Pigg, 217 U. S. 91; Butler Bros. Shoe Co. v. U. S. Rubber Co., 156 Fed. 1; Thomas v. Remington, 73 Pac. 909; Erwin v. DuPont, 156 S. W. 1097; Sioux Remedy Co. v. Cope, 235 U. S. 197. (6) The institution and prosecution of a suit does not constitute the doing of business within the meaning of corporation registration statutes: J. R. Watkins Co. v. Halloway, 168 S. W. 290; Koch Veg. Tea Co. v. Shuman, No. 3590 Supreme Court Commission, Division No. 2, Okla. (Decision filed Feb. 29, 1914); Koch Veg. Tea Co. v. Malone, 163 S. W. 663; Christian v. Mortgage Co., 7 So. 427; Ginn v. Mortgage Co., 92 Ala. 135; Railway v. Fire Ass'n, 60 Ark. 325, 28 L. R. A. 83; Cook v. Brick Co., 98 Ala. 409; 2 Morawetz on Corp., sec. 662, and cases cited. (7) The laws of one State do not apply to the sale of goods f. o. b. another State. J. R. Watkins Co. v. Halloway, 168 S. W. 290; International Text Book Co. v. Pigg, 217 U. S. 91; Chicago Crayon Co. v. Rodgers, 119 Pac. 630; Crutcher v. Kentucky, 141 U. S. 47; Gunn v. Sewing Machine Co., 57 Ark. 24; Keating v. Favorite Co., 35 S. W. 417; Kepheart v. People, 62 Pac. 946.; Henderson v. Edwards, 84 Mo. App. 448; Koch Veg. Tea Co. v. Malone, 163 S. W. 663. (8) There can be no question as to the obligations of Dykes under this agreement and

a sufficient consideration passed to bind the guarantors. McConnon v. Laursen, 135 N. W. 213; Davis v. Wells, 104 U. S. 159; Lawrence v. McCalmont, 2 How. 426. (9) Evidence as to conversation with Attorney DeVorss, after his death, was clearly inadmissible, and more so from the fact that the contract had been executed and fully performed by respondent and breached by appellant prior to said alleged conversations. Williams v. Edwards, 94 Mo. 451; Crosno v. Milling Co., 106 Mo. App. 239. (10) The terms of a written instrument cannot be varied, altered, changed or modified by parol testimony where the same is unambiguous and where there is no fraud or mistake. Watkins Co. v. Halloway, 181 S. W. 602; First Nat'l Bank v. Smith, 183 S. W. 862.

COX, P. J—Action upon contract for goods sold and delivered. The contract was executed between plaintiff and defendant Dykes as principal with Tillman and Lurvey as guarantors. The case was tried by the court sitting as a jury and finding for plaintiff. The guarantors Tillman and Lurvey have appealed.

Appellants contend that the contract which is the basis of this action is void for want of mutuality. The material parts of the contract as far as that question is concerned are as follows:

"For and in consideration of the promises and agreements hereinafter contained to be kept and performed by the party of the second part, the party of the first part promises and agrees to sell and deliver to the party of the second part, f. o. b. at Saginaw, Michigan, in such reasonable quantities as the party of the second part may from time to time require in his territory hereinafter described, all medicines, extracts and other articles manufactured or sold by it, such goods to be sold and delivered to the party of the second part at the usual and customary wholesale prices at which the same are sold and delivered by the party of the first part in other similiar territories, such prices to be shown by invoices accompanying each shipment.

"The party of the second part agrees to sell goods delivered to him under this agreement in the County of Greene, and State of Missouri, or in such other territory as the party of the first part may direct, from the date hereof until the first of March, 1916, when this agreement shall terminate."

On the back of said contract appears the following:

"In consideration of the sum of one dollar to us severally in hand paid my Siginaw Medicine Company, the receipt of which is hereby acknowledged, and the execution of the within agreement by said company and the sale and delivery by it to the party of the second part, of its medicines, extracts and other articles, we, the undersigned, do hereby jointly and severally guarantee the full and complete payment of said medicines, extracts and other articles at the time and place and in the manner in said agreement provided.

L. W. TILLMAN.<br>L. E. LURVEY."

Contracts very similar to this one have been before this court on two former occasions. [See J. R. Watkins Medical Company v. Halloway, et al., 168 S. W. 290; McConnon & Co. v. Haskins, 180 S. W. 21.] But the question of the validity of the contract was not raised or passed on in either of those cases.

It will be observed that the consideration in this contract between plaintiff and W. E. Dykes is the mutual promises of the parties. That mutual promises are sufficient as consideration for a contract is elementary law but such promises must be of such a nature that the parties actually promise to do some definite thing and the terms of the contract must bind the parties to do the thing promised. In this contract, the plaintiff agrees to sell and deliver to Dykes, medicines, extracts, and other articles manufactured by it in such reasonable quantities as Dykes may from time to time require in his territory hereinafter described. Dykes agrees to sell goods delivered to him under this agreement in the County of Greene and State of Missouri or such other

territory as plaintiff might assign to him. Dykes had no established business. The plan of operation was for him to travel from house to house and sell goods much as an ordinary peddler would sell them. There was no way by which it could be determined at the time the contract was signed how much goods would be required to supply him or whether he would need any goods at all, for if Dykes were to do his best, he might not be able to sell any of plaintiff's medicine or other goods. Plaintiff did not agree to sell nor did Dykes agree to buy any certain quantity. Plaintiff was only to sell such as Dykes should require in his territory and there was no provision made in the contract how the amount Dykes would require should be ascertained. Dykes does not specifically agree to buy any goods at all. All he agrees to do is to "sell goods delivered to him under this agreement." Goods could not be delivered under this contract until Dykes should require them which could mean nothing more than when Dykes should order them. There was no provision by which plaintiff could force Dykes to take any goods, and if he had ordered none it is clear that plaintiff could not have maintained an action for breach of the contract. The reason is that there is no contract to breach. We are clearly of the opinion that this contract between plaintiff and Dykes was void for want of mutuality when executed. [Hudson v. Browning, 264 Mo. 58, 174 S. W. 393; Campbell v. Handle Co., 117 Mo. App. 19, 94 S. W. 815.]

This action is not for damages for a breach of the contract by a failure to perform. It is an action to recover the price of goods sold and delivered under the contract. Dykes ordered and received the goods as claimed by plaintiff but has not paid for them. The question then arises whether his ordering and receiving the goods made the guarantors liable with him for the payment of the purchase price of the goods. It is well settled in this State that in determining the liability of the sureties the rule of *strictissimi juris* applies and they can never be held beyond the plain letter of their obligation.

[Citizens Trust Co. v. Tindle, 272 Mo. 681, 698, 199 S. W. 1025.]

It is also true that contracts of guaranty are to be construed, like all other contracts, according to the ordinary meaning of the language used and with a view to carry out the intention of the parties as therein expressed. Whether the guarantors are to be held liable in this case depends upon the construction to be given the contract of guaranty which they signed. If it is to be construed as a guaranty of an obligation assumed by Dykes, the principal, at the time of the execution of the contract, then they are not liable, because, as we have already held, Dykes did not assume any obligation at that time. If it is to be construed as in the nature of a letter of credit or guaranty to apply to future sales and deliveries of goods, and such sales and deliveries were made as contemplated at the time, then they are liable. The proper construction of the guaranty is to be made by ascertaining the intent of the parties as gathered from the instrument they signed construed in the light of the circumstances under which it was executed. The parties clearly understood that Dykes intended to try to sell goods to be shipped to him by plaintiff for that purpose, and if goods were shipped to Dykes by plaintiff such goods should be considered as sold to Dykes and that he was to pay for the same as provided in the contract. To secure plaintiff in case any goods were sold to Dykes, these defendants executed the guaranty above set out. This guaranty clearly applied to goods to be sold to Dykes after they executed the guaranty, and although the contract between plaintiff and Dykes was void when executed, yet, when Dykes ordered goods and plaintiff delivered them to him under the contract and in reliance on the guaranty, the contract became valid as to the goods actually sold and delivered under it and Dykes then became liable to pay for them. The very thing that the guarantors undertook to do was to pay for the goods sold Dykes if he did not pay for them and when he defaulted they became liable the same as he.

The facts in this case also bring it within the rule announced by the Supreme Court in The City of St. Louis v. Davidson, 102 Mo. 149, 14 S. W. 825, and on the authority of that case we must hold that the sureties are liable in this case.

Appellant contends that the contract in this case is a contract of agency. That Dykes was merely an agent of plaintiff to sell goods for it and for that reason the guarantors were not liable. This court in the case of McConnon & Co. v. Haskins, 180 S. W. 21, held that a similar contract was one for the sale of goods and not a contract of agency. We are satisfied with the ruling then made and hold that point against appellant in this case.

The judgment is affirmed. *Farrington, J.,* and *Bradley, J.,* concur.