## NORTHERN OHIO TRACTION & LIGHT CO. v. ERIE R. CO.

(Circuit Court of Appeals, Sixth Circuit. November 3, 1925.)

No. 4362.

1. **Street railroads** ⊜⟶41(3)—**Street railway's contract to pay steam railroad half of cost of maintaining gates at intersection of tracks held not without consideration.**

Contracts by which street railway company agreed to pay steam railroad one-half of cost of maintaining gates at intersection of tracks *held* not without consideration, because street railway had already acquired from city right to construct its tracks on particular street over tracks of steam railroad; the mutual promises and benefits to street railway being sufficient consideration.

2. **Contracts** ⊜⟶10(1)—**Contract by which street and steam railways agreed to share cost of maintaining gates at track intersection held not lacking in mutuality.**

Contract by which street railway agreed to pay steam railway one-half of "expense which shall be incurred" in maintaining gates at intersection of their tracks *held* not lacking in mutuality on theory that it did not impose on steam railroad duty to maintain gates.

3. **Contracts** ⊜⟶10(1)—**Contract between street and steam railways for sharing of costs of maintaining gates, if unilateral in beginning, held to become binding on performance by steam railroad.**

Contract whereby street railway agreed to pay steam railroad one-half of cost of maintaining gates at intersection of their tracks, if unilateral in first instance, *held* to become binding on both parties when steam railroad

before revocation accepted proposition and with knowledge and acquiescence of street railway constructed and maintained gates.

4. **Contracts** ⊜⟶10(1)—**Street railway receiving benefits of contract not in position to assert want of mutuality or consideration.**

Street railway, which has received benefits and advantages of gates maintained by steam railroad at intersection of their tracks, in reliance on contract for division of expenses, will *not be heard to say that contract lacked mutuality, or was without consideration.*

In Error to the District Court of the United States for the Eastern Division of the Northern District of Ohio; D. C. Westenhaver, Judge.

Action by the Erie Railroad Company against the Northern Ohio Traction & Light Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Roy H. Nesbitt, of Akron, Ohio (Mather, Nesbitt & Willkie, of Akron, Ohio, on the brief), for plaintiff in error.

Benjamin D. Holt, of Cleveland, Ohio (Cook, McGowan, Foote, Bushnell & Burgess, of Cleveland, Ohio, on the brief), for defendant in error.

Before DONAHUE, MOORMAN, and KNAPPEN, Circuit Judges.

DONAHUE, Circuit Judge. Action was brought in the District Court by the Erie Railroad Company, successor to the rights and interest of the New York, Lake Erie & Western Railroad Company, against the Northern Ohio Traction & Light Company, successor to the Akron Street Railway Company, to recover on a written contract between the New York, Lake Erie & Western Railroad Company and the Akron Street Railroad Company. By the terms of this contract the Akron Street Railway Company agreed, among other things, to pay one-half of the expense incurred by the New York, Lake Erie & Western Railroad Company, for constructing, maintaining, and operating gates, and providing gatekeepers and lights where its tracks cross the tracks of the steam railroad company at grade on East Exchange street in the city of Akron. It appearing that another steam railroad is operating over plaintiff's tracks at this crossing, and is paying one-third of this expense, recovery is asked for but one-third, instead of one-half, of the amount actually expended by plaintiff for this purpose.

The defendant admits the execution of this contract, that the plaintiff is the successor of the New York, Lake Erie & West-

ern Railroad Company, and that defendant is the successor of the Akron Street Railroad Company, but further avers that the contract was wholly without consideration moving to the Akron Street Railway Company or any of its successors, including this defendant. The defendant, by cross-petition, asserts a claim against the plaintiff for $3,-720.44, being one-half the money expended by it for necessary repairs and maintenance of this crossing for the mutual benefit of plaintiff and defendant. The amounts claimed by respective parties are not in dispute.

A written waiver of jury was filed, and the cause was submitted to the court upon an agreed statement of facts, from which it appears that, shortly prior to the execution of the contract in suit, the city of Akron granted to the Akron Street Railway Company a franchise to construct and maintain an electric street railway with all necessary poles, wires, and appurtenances, over and upon certain streets in Akron, and particularly upon and along East Exchange street at a point where that street is crossed by the tracks of the steam railroad company.

[1] It is contended upon the part of the Traction & Light Company that, because the Akron Street Railway Company had, prior to the execution of this contract, acquired from the city of Akron the right to construct its tracks on East Exchange street over and across the tracks of the steam railway company, this contract conferred upon it no new or additional rights or privileges, and for that reason it was wholly without consideration and void. The provisions of this contract that are involved in this litigation relate solely to the maintenance of gates, flagmen, and lights at East Exchange street crossing. This is a separate and distinct agreement in relation to this particular subject-matter, and therefore this court is not concerned with other provisions of the contract that may or may not be invalid for the reasons stated.

It is clear that this provision of the contract in reference to gates, flagmen, and lights is based upon a sufficient consideration. This consideration is not merely the mutual promise of the parties, but in addition thereto the terms of the contract impose burdens upon the plaintiff and confer benefits upon the defendant in the operation of its street railway by the added convenience, safety and protection of its passengers and property. Richmond Union Pass. R. R. Co. v. Richmond, Fredericksburg & Potomac R. Co., 96 Va. 670, 32 S. E. 787.

[2] It is claimed, however, that this contract lacks mutuality, and does not impose upon the plaintiff the duty to maintain these gates, lights, and watchmen. We do not think it should be so construed. It is evident from the language used that it was the intention and purpose of the parties that the railroad company should provide these gates, lights, and watchmen, and that the street railway company would pay one-half of the expense so incurred. The language of the contract is not "expense which may be incurred," but "expense which shall be incurred." Applying to this language the well-known rule of grammatical construction that "shall" in the first person and "will" in the second and third denote futurity, and that "will" in the first person and "shall" in the second and third denote determination, necessity, or command, the conclusion necessarily follows that the provision that the steam railway company shall incur these expenses is hardly subject to the construction that it may do so at its option, but, on the contrary, should be construed as an express promise and agreement on its part to construct and maintain gates and provide lights and watchmen, in consideration of the promise of the street railway company to pay one-half of the cost.

[3] If the contract were unilateral in this respect, it became mutually binding upon the parties when the steam railway company, before the proposition in writing was withdrawn, accepted the same, and with the knowledge and acquiescence of the promisor proceeded to construct and maintain these gates and to provide lights and watchmen.

[4] The defendant having received the benefits and advantages of these lights, gates and watchmen at this street crossing, furnished by the plaintiff for the mutual advantage of both, and in reliance upon the promise of the defendant that it would pay its share of the expenses, cannot now be heard to say that the contract at the time it was written lacked mutuality, or was wholly without consideration.

The facts in this case differ materially from the facts in Akron & Cuyahoga Falls Rapid Transit Co. v. Erie R. Co., 7 Ohio Cir. Ct. R. (N. S.) 199, in that this plaintiff was not required by any ordinance of the city of Akron to provide gates, lights, and watchmen at this crossing. On the contrary, its action in this respect was voluntary and for the mutual advantage of both contracting parties.

The judgment of the District Court is affirmed.