**PHILLIPS PETROLEUM CO. v. RAU CONST. CO.**

No. 12138.

Circuit Court of Appeals, Eighth Circuit.

Aug. 19, 1942.

Rehearing Denied Sept. 24, 1942.

William S. Hogsett, of Kansas City, Mo. (John H. Haley and H. H. Booth, both of Kansas City, Mo., on the brief), for appellant.

Maurice J. O'Sullivan, of Kansas City, Mo., for appellee.

Before SANBORN, THOMAS, and RIDDICK, Circuit Judges.

RIDDICK, Circuit Judge.

The appellant and the appellee were parties to a construction contract under which appellee undertook to supply at agreed unit prices the material and labor necessary for approximately 12,000 cubic yards of concrete in place in structures for which the appellant was required to furnish plans as the work progressed. The general character of the structures in which the contractor was to place the concrete was known, but the cubic content and dimensions of none of them had been determined and could not be until the plans for each unit had been completed. After performance of the contract the appellee sued appellant, contending (1) that the contract was void for uncertainty and for want of mutuality and that the appellee was entitled to be compensated for the reasonable value of the labor and material furnished appellant; (2) that the appellee had been induced to execute the contract by fraud and deceit of the appellant to appellee's damage; and (3) that appellant abandoned and breached the contract and thereby caused appellee to sustain damages. A jury having been waived, the district judge, after a hearing, sustained all of the appellee's contentions and entered a judgment in its favor for the full amount claimed.

(1) The district judge based his conclusions on the invalidity of the contract for uncertainty upon the finding that since the parties did not know at the execution of the contract the size and dimensions of the structures to be built, it was impossible that there could have been a meeting of the minds of the contracting parties. But the contract was not one for the construction of any particular structure of any determined size or dimen-

sions. The agreement between the parties was that the contractor would place approximately 12,000 cubic yards of concrete in units for which the appellant was obligated to prepare and furnish plans as the work proceeded. Absolute certainty in contracts of this character is not required. It is sufficient that the contract is definite enough to enable the parties to perform it and to determine when performance has been obtained. Any uncertainty in the present contract was removed as the plans were delivered and the individual units of construction completed. United States v. McMullen, 222 U.S. 460, 472, 32 S.Ct. 128, 56 L.Ed. 269; Pennsylvania R. Co. v. Huston, 6 Cir., 81 F. 2d 704; Cold Blast Transportation Co. v. Kansas City Bolt & Nut Co., 8 Cir., 114 F. 77, 52 C.C.A. 25, 57 L.R.A. 696; Adams v. O'Connor, 6 Ariz. 404, 59 P. 105, 107; Stresenreuter Bros. v. Bowes, 233 Ill.App. 143; Nelson v. Massman Construction Co., 231 Mo.App. 1, 91 S.W.2d 623, 626; Klaber v. Lahar, Mo.Sup., 63 S.W.2d 103; Moran Bolt & Nut Mfg. Co. v. St. Louis Car Co., 210 Mo. 715, 109 S.W. 47; Orpheus Vaudeville Co. v. Clayton Investment Co., 44 Utah 453, 140 P. 653; 9 C. J. 695; 17 C.J.S., Contracts, § 327; 13 C. J. 269; 17 C.J.S., Contracts, § 36.

■ The contract contained a provision permitting the appellant to suspend the work or to abandon it at its election, and in this provision the court found the contract wanting in mutuality and void. In this the court was in error. Contracts which reserve to one or both parties the unrestricted right of termination are generally held void for want of mutuality. Bendix Home Appliances Co. v. Radio Accessories Co., 8 Cir., 129 F.2d 177. But in the present case, the right of suspension or termination of the contract was not an unrestricted right. Provision was made for compensation of the contractor in the event either of suspension or termination. Moreover, a contract wanting in mutuality or too indefinite to be enforceable at its inception, is binding after performance. Willard, Sutherland & Company v. United States, 262 U.S. 489, 43 S.Ct. 592, 67 L.Ed. 1086; Storm v. United States, 94 U.S. 76, 24 L.Ed. 42; United States Potash Company v. McNutt, 10 Cir., 70 F.2d 126; General Paint Corp. v. Kramer, 10 Cir., 57 F.2d 698; Calkins v. F. W. Woolworth Co., 8 Cir., 27 F.2d 314; Northern Ohio Traction & Light Co. v. Erie Railroad Co., 6 Cir., 8 F.2d 962; Beebe v. Columbia Axle Co., 233 Mo.App. 212, 117 S.W.2d 624; Aden v. Dalton, 341 Mo. 454, 107 S.W.2d 1070; Saginaw Medicine Co. v. Dykes, 210 Mo.App. 399, 238 S.W. 556; Martin v. Ray County Coal Co., 288 Mo. 241, 232 S.W. 149; Williston, Contracts, §§ 47, 106, 1027A.

■ (2) In the view we take of this case, it is unnecessary to discuss the findings of the trial court upon which is based its conclusion that the appellant was guilty of fraud in inducing the execution and performance of the contract by the appellee. It is enough to say that the claim of fraud was based upon representations which, if made and if false, were nothing except expressions of opinion or expectation given in circumstances which must have identified them as such. An action for damages for deceit cannot be sustained on statements of this character. Roosevelt v. Missouri State Life Ins. Co., 8 Cir., 78 F.2d 752, 757; United States v. Stanolind Crude Oil Co., 10 Cir., 113 F.2d 194; Beatrice Creamery Co. v. Goldman, 175 Okl. 300, 52 P.2d 1033; Grand Lodge v. Massachusetts Bonding & Ins. Co., 324 Mo. 938, 25 S.W.2d 783; Remmers v. Remmers, 217 Mo. 541, 117 S.W. 1117; Hillman v. Graves, Tex.Civ. App., 134 S.W.2d 436; Allison v. Harrison, Tex.Civ.App., 134 S.W.2d 399; Tappe v. Pohlmann, Mo.App., 79 S.W.2d 485; Brown v. South Joplin Lead & Zinc Mining Co., 194 Mo. 681, 92 S.W. 699; McCullough, Inc., v. Doggett, 176 Okl. 8, 54 P.2d 184; Patterson v. Shell Petroleum Corp., Tex.Civ.App., 143 S.W.2d 208. The representations concerned the average content and size of the units into which the 12,000 cubic yards of concrete were to be poured by the contractor. At the time they were made, the contractor knew that the plans for none of the units had been completed. The party to whom the representations were made had before him the contract which the contractor would be required to execute if its bid were accepted and knew that this agreement contained a provision that the contractor must look to the plans as furnished for its determination of quantities, and that the appellant should not be bound by any such representations, expressed or implied, made by any of its employees.

■ If the appellee had at one time a cause of action against the appellant

for damages for deceit, that right was waived by the appellee after the alleged fraud had been discovered. For example, one of the alleged representations upon which the charge of deceit was based was to the effect that ninety percent of the required excavation could be done by machine, whereas the appellee was able to accomplish less than fifty percent of the excavation by use of machinery. But the falsity of this representation, if made, was discovered at the very beginning of operations under the contract. The contractor immediately complained and appellant promptly adjusted the excavation price to conform to the facts. Further, after the work had been in progress for some time, the contract was amended by agreement of the parties, to increase in a very substantial amount the unit prices to be paid the appellee for performance. It is beyond question under the evidence that this amendment to the contract was made at appellee's insistence because of its claims that the work was not as represented in the conversations with appellant's employees, upon which the charge of fraud is founded. The authorities are unanimous in holding that where one has been induced by fraud to enter into a contract and, after discovery of the fraud, enters into an agreement concerning the subject matter of the contract, or demands and receives from the other party any substantial concession in respect to the transaction, he is conclusively deemed to have waived any claim for damages on account of fraud. Josten Mfg. Co. v. Medical Arts Bldg. Co., 8 Cir., 73 F.2d 259; International Harvester Co. v. Rieke, 8 Cir., 9 F.2d 776; Schagun v. Scott Mfg. Co., 8 Cir., 162 F. 209; State ex rel. Cary v. Trimble, Mo.Sup., 43 S.W.2d 1050; Holcomb & H. Mfg. Co. v. Jones, 102 Okl. 175, 228 P. 968; Minneapolis-Moline Co. v. Gatzki, Tex.Civ.App., 57 S.W.2d 593; Thompson v. Pitts, Tex.Civ.App., 2 S.W.2d 899. The rule has been held to apply although the party claiming the fraud remains silent concerning it in the negotiations in which the amendment to the contract or a concession in his favor is secured. 24 Am.Jur. 214. And in some jurisdictions it is held that a right of action for damages for deceit is waived by a party to an executory contract who continues performance after discovery of the fraud which induced its execution. Nounnan v. Sutter County Land ·Co., 81 Cal. 1, 22 P. 515, 6 L.R.A. 219; Baltimore & O. R. Co. v. Jolly Bros. & Co., 71 Ohio St. 92, 72 N.E. 888.

(3) In view of the lower court's evident conviction that the original contract was void at its inception, it is difficult to attribute importance to its finding that the parties abandoned the contract or that the appellant breached it. If a contract which never existed in law can be abandoned or breached, no right of action would follow. But in any event, the record is barren of evidence to sustain either finding. With respect to the original contract, the breach claimed by the appellee was based on a charge that the appellant changed, revised, and altered its plans during the course of the work. But in so doing, the appellant was merely asserting a right expressly granted it in the contract. The reservation of the right in the appellant to change and alter its plans for individual structures at will is clearly stated in the contract. With respect to the amendment to the contract, the court sustained appellee's claim of a breach of the supplementary contract upon an interpretation of that contract not justified by anything in the conduct of the parties nor in the words of their agreement. In the amended contract appellant agreed to pay appellee ten cents per square foot for "changes in forms caused by a change in the plans". The court interpreted this language as an agreement by the appellant to pay appellee ten cents per square foot for the loss of re-use of forms caused by a revision of the plans. But the appellant, on the complaint of the appellee, recognized that the exercise of its right to change plans as the work progressed made it sometimes necessary for the appellee to change its forms to conform to the changes in plans, thereby increasing appellee's cost of operation, and agreed to pay ten cents per square foot for the changes in forms made necessary by the changes in plans. It did not agree to pay anything for appellee's inability to re-use the forms without change. The court's interpretation of the contract cannot be sustained.

The evidence shows that appellant, instead of abandoning the contract, insisted always upon its performance. Abandonment of a contract requires the same meeting of the minds as the making· of a contract. City of Del Rio v. Ulen Contracting Corp., 5 Cir., 94 F.2d 701.

Numerous arguments are presented by both the appellee and the appellant which we find unnecessary to discuss in view of the opinion which we have expressed. But we think it proper to point out that the evidence shows that as the work progressed, the parties from time to time made estimates of the work done and quantities of material furnished by the appellee, computed the value of them at the unit prices agreed upon, and made statements of the estimates of quantities and computations of the total amount due the appellee therefor, which were examined and approved by both of them. For the amounts thus determined to be due the appellee, the appellant tendered its check bearing the notation that it was in full payment of the amount due appellee for the work and material shown by the statement. The appellee accepted and cashed these checks without objection. Payments were made in this manner in substantial amounts after the completion of the work and after appellee had advanced its claims for which this suit was brought. The claims of the appellee here necessarily impugn the validity of the statements and deny the acceptance of the checks in payment according to the terms on which they were tendered. This, we think, appellee cannot now be permitted to do. Arkansas Zinc & Smelting Corp. v. Silver Hollow Mining Co., 148 Ark. 512, 230 S.W. 573; Koch Sand & Gravel Co. v. Koss Constr. Co., Iowa, 260 N.W. 54; McCormick v. Interstate Consolidated Rapid Transit R. Co., 154 Mo. 191, 55 S.W. 252; McCormick v. City of St. Louis, 166 Mo. 315, 65 S.W. 1038; McGregor v. J. A. Ware Constr. Co., 188 Mo. 611, 623, 87 S.W. 981; Halloway v. Mountain Grove Creamery Co., 286 Mo. 489, 228 S.W. 451; Harlin & Griffin v. Missouri State Highway Comm., Mo. App., 51 S.W.2d 553; Caneer v. Kent, 342 Mo. 878, 119 S.W.2d 214; C. & R. Constr. Co. v. City of Manchester, 89 N. H. 506, 1 A.2d 922; Root & Fehl v. Murray Tool Co., Tex.Civ.App., 26 S.W.2d 189, 75 A.L.R. 902. And see annotation in 34 A.L.R. 1035.

Before the present suit was instituted, appellant had prepared an estimate of the work and material for which it was still indebted to appellee and of the amount due the appellee therefor, which was $2,010.23. In this single instance the appellee declined to approve the statement or to accept the check. At the trial below the appellant again tendered the amount of the statement and offered to submit to judgment therefor. The appellee again declined this offer, but at the trial it introduced no evidence to show error in appellant's statement or in the amount tendered. The appellee was entitled to a judgment for $2,010.23.

The judgment of the district court is reversed and the case is remanded for further proceedings in conformity with this opinion.