**UNITED STATES of America,**

v.

**Jerry WENDER, Arthur Wender, Jilmar Builders, Inc., and Tedron Builders, Inc., Defendants.**

**Crim. No. 45119.**

Henry G. Singer, Brooklyn, N. Y., for defendants, for the motion.

Cornelius W. Wickersham, Jr., U. S. Atty., Brooklyn, N. Y., by Warren M. Deutsch, Asst. U. S. Atty., New York City, in opposition.

RAYFIEL, District Judge.

On August 29, 1957 a ten-count indictment was returned herein, all of said counts naming the defendants Jerry and Arthur Wender, and five naming each of the corporate defendants.

Counts 1, 2, 3 and 5 charge the defendants therein named with violations of sections 1010 and 2, and counts 4, 6, 7, 8, 9 and 10 with violations of sections 1001 and 2 of Title 18 United States Code.

Section 1001, supra, makes it a crime, in any matter within the jurisdiction of any department or agency of the United States, to knowingly and wilfully make or use any false writing or document, knowing the same to contain any false or fraudulant statement. Each of the counts charging a violation of that section avers that the defendants, for the purpose of inducing the Veterans' Administration to insure and guarantee a mortgage on a certain dwelling therein described, "passed, uttered and published" to the Veterans' Administration, by delivery to a savings bank therein named for transmittal to said Administration, a false statement warranting that said dwelling had been constructed "in substantial conformity with the plans and specifications therefor."

Section 1010, supra, in pertinent part, states that it is a crime to make, pass, utter or publish any statement for the purpose of influencing in any way the action of the Federal Housing Administration, knowing the same to be false. Each of the counts charging a violation of that section alleges that the defendants, for the purpose of inducing the Federal Housing Administration to insure and guarantee a mortgage on a dwelling therein described, "passed, uttered and published to the Federal Housing Administration by delivery to the Ridgewood Savings Bank for transmittal" to said Administration, a written statement, known by them to be false,

wherein they warranted that the said dwelling had been constructed "in substantial conformity with the plans and specifications therefor."

The defendants moved to dismiss the indictment on the grounds:

(1) that it does not set forth facts which constitute the commission of a crime, and

(2) that sections 1001 and 1010, supra, are unconstitutional for vagueness, as applied to the warranty of "substantial conformity" hereinbefore mentioned.

Thereafter they filed an amended notice of motion wherein they made the additional claims, inter alia, that neither the section of the National Housing Act (Title 12 U.S.C.A. § 1701 et seq.) applicable to warranties, nor the regulations respecting the same promulgated by the Administrator of Veterans' Affairs or the Federal Housing Commissioner, required or authorized the filing or delivery to either of them of the warranty which is the basis of each count of the indictment herein, and, further, that the applicable section of the National Housing Act (Section 1701j–1 of Title 12 United States Code Annotated) was intended only for the benefit and protection of the purchaser of the dwelling involved, in a civil action to recover damages for a breach of the warranty. The additional points raised in the amended notice of motion are, in my opinion, without merit, being tangential and inapplicable to the motion under consideration.

■ The defendants' attack on the indictment is grounded chiefly on the contention that it is vague, as it applies to the warranty of "substantial conformity." They argue that *substantial* conformity is a qualified statement which "necessarily connotes that there may well be non-conformity of certain items with-out destroying the substantial conformity of the dwelling." Conceivably, it is true, there could be minor variances from the plans and specifications which would not amount to a failure of substantial conformity therewith, but the indictment herein charges the defendants with a number of specific items of variations from the plans and specifications, at least some of which may be major in nature and extent. Whether they are would be a question of fact for the determination of the Court or a jury.

It is also conceivable, however, that a substantial number of minor variances from the plans and specifications might, by reducing the value of the dwelling, impair the security of the mortgage, the payment of which was guaranteed by the Agency involved.

■ Defendants' further contention that the allegedly false statements referred to in the indictment were merely expressions of the opinions of the makers thereof, and, hence, cannot be the bases of a criminal prosecution, is without merit. Clearly, the statement in each count is one of fact, but it would be of no avail to the defendants even if they were expressions of opinion, if they were in fact, false, and known by them to be false. United States v. Rubinstein, 2 Cir., 166 F.2d 249, certiorari denied Foster v. U. S., 333 U.S. 868, 68 S.Ct. 791, 92 L.Ed. 1146.

The other points raised by the defendants are similarly lacking in merit.

Boljen v. Ellegaard, 181 Misc. 326, 43 N.Y.S.2d 527; Phillips Petroleum Co. v. Rau Const. Co., 8 Cir., 130 F.2d 499; Roosevelt v. Missouri State Life Ins. Co., 8 Cir., 78 F.2d 752 and United States v. Raymond, D.C., 37 F.Supp. 957, cited by defendants, are inapposite.

Accordingly, the motion to dismiss the indictment is denied.