HOLLRAH-DIECKMANN REFRIGERATOR & FIXTURE COMPANY, Respondent, v. ST. LOUIS HOUSE & WINDOW CLEANING COMPANY, Appellant.

**St. Louis Court of Appeals. Submitted on Briefs November 4, 1914. Opinion Filed December 8, 1914.**

1. **STATUTE OF FRAUDS: Sale of Goods: Acceptance and Delivery: Sufficiency of Evidence.** Plaintiff made up the material for office fixtures for defendant, in accordance with a parol contract. Defendant inspected the material so prepared at plaintiff's factory, stating that it was satisfactory, and asking when it would be installed. Subsequently, the material was taken to defendant's place of business and part of it was installed, but, before the work was finished, defendant objected to certain things, and refused to allow plaintiff to go on. In an action for the value of such material, *held* that, although the value of such material was in excess of $30, nevertheless the case was not within the Statute of Frauds (Sec. 2784, R. S. 1909), since the evidence was sufficient to show an acceptance of all of the material by defendant and a delivery of at least part of it.

2. **APPELLATE PRACTICE: Conclusiveness of Findings.** A finding of fact by the trial court, in an action at law tried to the court, is conclusive on the appellate court, if supported by substantial testimony.

3. **STATUTE OF FRAUDS: Sale of Goods: Acceptance and Delivery.** In a sale of goods of the value of $30 or upwards, an acceptance of all, and delivery of only a part, of the goods satisfies the Statute of Frauds (Sec. 2784, R. S. 1909).

4. ———: ———: ———. In a sale of goods of the value of $30 or upwards, acceptance and delivery need not, in order to satisfy the Statute of Frauds (Sec. 2784, R. S. 1909), be contemporaneous. and acceptance may precede delivery, although, to take the case out of the statute, delivery must be made in accordance with the contract.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel D. Fisher,* Judge.

AFFIRMED.

*George B. Webster* for appellant.

(1)   This action is one in the nature of assumpsit for the sale of goods, wares and merchandise of the price of more than thirty dollars, and so within the Statute of Frauds.   Schmidt v. Rozier, 121 Mo. App. 306; Tower Grove P. M. Co. v. McCormack, 127 Mo. App. 349; Pratt v. Miller, 109 Mo. 78; Shelton v. Thompson, 96 Mo. App. 327; Burrell v. Highleyman, 33 Mo. App. 183.   (2)   There being no writing and no payment on account of the purchase price, it was error to refuse an instruction directing a verdict for the defendant, as the evidence was insufficient to establish delivery and acceptance.   Sotham v. Weber, 116 Mo. App. 104; Hinchman v. Lincoln, 124 U. S. 49; Eichberg Co. v. Benedict P. Co., 119 Mo. App. 262; Shelton v. Thompson, 96 Mo. App. 327; Harvey v. Butchers Ass'n., 39 Mo. 212; Browne, Statute of Frauds, sec. 317-a.   (3)   Both delivery and acceptance must occur to avoid the statute.   Mere delivery is not sufficient; both parties must act, the seller by surrendering dominion and control, and the buyer by doing something manifesting an intention to accept the goods as satisfying the contract.   Young v. Ingalsbe, 208 N. Y. 503; affirming 135 N. Y. S. 939; Berkman v. Brower, 135 N. Y. S. 582; Gold v. Gross, 146 N. Y. S. 164; Shindler v. Houston, 1 N. Y. 262; Eichberg Co. v. Benedict P. Co., 119 Mo. App. 262; Wainscott v. Kellogg, 84 Mo. App. 621; Hinchman v. Lincoln, 124 U. S. 49; 20 Cyc. 247-249; 1 Mechem, Sales, sec. 383.

*Rassieur, Kammerer & Rassieur* for respondent.

(1)   The case having been tried by the trial court without a jury, and no declarations of law or findings of fact having been asked or given, the judgment will not be disturbed on appeal, if there is any evidence tending to support the judgment, upon any theory pre-

sented. Lime & Cement Co. v. Clore, 170 Mo. App. 675, 680. Oellien v. Duncan, 148 Mo. App. 600; Huke Co. v. Transfer Co., 146 Mo. App. 355. And in such case the judgment will not be reversed if it may be sustained on any view of the evidence, and this includes all reasonable inferences in favor of the respondent's case. Brix v. American Fidelity Co., 171 Mo. App. 518; Hanenkratt v. Brougham, 164 Mo. App. 108; Pierce Loan Co. v. Killian, 153 Mo. App. 106. Whether the goods sued for, or any part of them, were accepted and received by the defendant, was a question of fact to be determined by the trial court sitting as a jury. Swafford v. Spratt, 93 Mo. App. 631; Garfield v. Paris, 96 U. S. 557. 1 Mechem on Sales, sec. 373. (2) The acceptance and delivery required by the Statute of Frauds need not be contemporaneous, and the acceptance may precede the delivery. 1 Mechem on Sales, sec. 362; Cross v. O'Donnell, 44 N. Y. 661; Garfield v. Paris, 96 U. S. 557. (3) The examination of the goods by defendant's president and his expression of approval and satisfaction, together with his order to deliver them to defendant's store, was sufficient evidence of an acceptance under the statute. Victor v. Stroock, 5 N. Y. Supp. 659; Cross v. O'Donnell, 44 N. Y. 661. (4) An acceptance and receipt of a part of the goods sold is sufficient to take the case out of the statute. Sec. 2784, R. S. Mo. 1909; Rickey v. Tenbroeck, 63 Mo. 563; Earl Fruit Co. v. McKinney, 65 Mo. App. 220; Lyle v. Shinnebarger, 17 Mo. App. 66; Sprague v. Blake, 20 Wend. 63; Farmer v. Gray, 16 Neb. 401.

REYNOLDS, P. J.—This action, instituted before a justice of the peace on an account for office railing, glass partitions and doors, the amount being $333, resulted in a verdict for plaintiff, from which defendant appealed to the circuit court, where on a trial before

the court, a jury having been waived, judgment went for plaintiff for the amount claimed.

It was insisted at the trial in the circuit court that there was no evidence of delivery or acceptance of the goods, and as the sum claimed exceeded $30, and no memorandum in writing had been executed between the parties, that the transaction fell within the provisions of our Statute of Frauds. When this objection was made at the trial, counsel for plaintiff, admitting that the contract was not in writing, stated that if they did not show a compliance with the statute, proving an acceptance and delivery of part of the goods sold, plaintiff could not recover. Thereupon plaintiff introduced its testimony and at the close of it defendant asked the court to declare that under the law and the evidence in the case plaintiff was not entitled to recover. The court refused this, whereupon defendant introduced its evidence, and plaintiff introducing evidence in rebuttal, defendant again renewed its request for a declaration to the effect that plaintiff could not recover. This the court refused and rendered judgment in favor of plaintiff and against defendant and its surety on the appeal bond for the amount claimed and interest. Filing a motion for new trial and excepting to the action of the court in overruling it, defendant has duly perfected its appeal to this court.

Here it is insisted that the action is one in the nature of assumpsit for the sale of goods, wares and merchandise at a price of more than $30, the transaction thus being within the Statute of Frauds; that as there was no written contract and no payment on account of the purchase price, the declaration of law asked by the defendant should have been given, as the evidence was insufficient to establish delivery and acceptance, both of which must occur to avoid the statute.

Counsel very strenuously argues that there is a failure of evidence of acceptance and delivery. Reading the testimony in the case, we are compelled to say that we cannot agree with counsel. There is evidence tending to prove that defendant, desiring to have certain office fixtures, partitions and the like, installed in its place of business, invited a proposal for the work from plaintiff, which proposal plaintiff made in writing, proposing to do the work required for $436. This proposal was signed by a representative of plaintiff and presented in duplicate to the president of defendant. The parties went over it, made some changes in it and plaintiff left the proposal which it had signed in duplicate, with the president of the defendant company, who retained them but never signed them in behalf of defendant. It also appears that detail plans and specifications of the proposed work were drawn up which were settled upon by both parties. Thereupon plaintiff made up the material and the president of defendant going to plaintiff's factory where the material was, it then being all completed and ready to be installed except that the paint was not dry, and all made in accordance with the plans and specifications, as a witness for plaintiff testified, defendant's president looked it over very carefully. "The entire job was complete," said a witness, when the president of defendant walked into the finishing room in which the material was standing. It was shown to him and he looked at it and said it was satisfactory. "He sized it up very closely and looked at it, and asked me how soon I was going to install it for him," said a witness, and "I told him I would install it the next Tuesday, which I did. . . . As he was leaving the office door, I was standing there and asked him—I says to him, 'How do you like the job,' and he said, 'It surely looks pretty.' " The material was afterwards taken to the place of business of defendant and part of it installed. Plain-

tiff was proceeding to install all of it, when defendant's president made objection to various parts of it which he wanted changed, as for instance locks, and the manner in which the door was to be hung. It seems that plaintiff agreed to change the character of the locks but the workman in charge of the job refused to make an alteration in the place and manner in which the door in the partition was located, he saying that this was in accordance with the plans and specifications by which he was working. An officer of plaintiff afterwards arrived at defendant's place and he also refused to make the change, claiming that the material was according to plans and specifications and that the change would involve an entire change in the work, and insisting that it was according to plans and specifications, refused to make this alteration. Whereupon the president of defendant declined to proceed any further with the matter, declined to allow plaintiff to go on with the installation of the partition and railing, or to allow it to complete the job. Whereupon, leaving the material so far as delivered on the premises of defendant, plaintiff was forced to discontinue further work. The account is for the value of the partition and railing, there being evidence that they were of the value charged for in the account.

The defense, apart from the Statute of Frauds, was that the articles were not as contracted for; that there had been no acceptance of them, and no delivery. As before remarked, the case was before the court without a jury and beyond the instructions asking for a verdict for defendant, no instructions or declarations of law were asked or given.

The question as to whether the articles sued for or any part thereof were accepted and received by defendant, both of which must appear, was a question of fact, to be determined by the trial court, and its conclusion is binding upon us, if supported by substantial evidence. There was substantial evidence to show an

acceptance of all of the material and delivery of at least part of it. When that happens, the requirements of the statute (section 2784, Revised Statutes 1909) are met. [Rickey et al. v. Tenbroeck et al., 63 Mo. 563, l. c. 569; Earl Fruit Co. v. McKinney, 65 Mo. App. 220.]

Acceptance and delivery need not be contemporaneous; acceptance may precede delivery. A delivery, to take the case out of the statute, must be made in pursuance of the contract, and the question whether it was so made or not is for the jury or the court sitting as a trier of fact. "Due acceptance and receipt of a substantial part of the goods will be as operative as an acceptance and receipt of the whole; and the acceptance may either precede the reception of the articles or may accompany their reception." [Garfield v. Paris, 96 U. S. 557, l. c. 566.]

In Cross v. O'Donnell, 44 N. Y. 661, it is said (l. c. 664): "There is nothing in the statute which requires that the accepting and receiving should be at the same time. Either may precede the other; and, after both have concurred, the statute has been complied with and the contract becomes operative and valid."

This case presents a state of facts very similar to those in Victor v. Strook, 5 N. Y. Supp. 659, in which it was held that the facts in evidence were sufficient to take the case out of the operation of the statute.

Our conclusion is that there was no error in the action of the circuit court, and its judgment in favor of plaintiff is affirmed. *Nortoni* and *Allen, JJ.,* concur.