D. G. MALLOY, Respondent, v. EGYPTIAN TIE & TIMBER COMPANY, Appellant.

Springfield Court of Appeals, January 29, 1923.

1. **CONTRACTS: Order for Delivery of Ties Until Further Notice Held Unilateral Contract.** A contract in the form of a letter reading, "Enter our order for all your oak ties until further notice," and stating description of ties, prices, terms and place of delivery, was unilateral, because under its terms no specified number of ties was mentioned.

2. ———: **Tie Buyer's Order for Indefinite Number of Ties, though Unilateral, was Binding on Performance by Seller.** In a suit for damages for breach of contract relative to ties, where tie company wrote plaintiff to enter its order for all "your ties until further notice," and stated terms and place of delivery, and plaintiff cut and delivered a large number of ties under his contract, before any intimation from defendant that it would not accept them, *held* that defendant must accept delivery, notwithstanding the contract was unilateral in the beginning, or it must respond in damages.

3. **APPEAL AND ERROR: Excluded Evidence not Reviewable, Unless Offer of Proof is Made.** In the absence of a definite showing as to what the offered evidence would be, the competency of the evidence, whatever it was, is not presented on appeal.

Appeal from Circuit Court of Reynolds County.—*Hon. E. M. Dearing,* Judge.

AFFIRMED.

*Munger & Munger* and *W. T. Powers* for appellants.

(1)   The contract relied upon by plaintiff was, and is void for lack of mutuality. Hudson v. Browning, 264 Mo. 58; Campbell v. Handle Co., 117 Mo. App. 19; Holloway v. Mt. Grove Brewing Co., 209 S. W. 327; Reigart v. Manufacturers Coal & Coke Co., 217 Mo. 142; Westheide v. Barker & Co. Paving Co., 251 Fed. 204; Iron & Rail Co. v. Railroad, 148 Mo. App. 173; Royal Brewing Co. v. Uncle Sam Oil Co., 226 S. W. 656. (2)   In arriving at the intention of the parties to a contract, evidence of the circumstances under which it was made is admissible, so that the court can put itself in the place of the parties at that time. Big Muddy Coal & Iron Co. v. St. Louis-Carterville Coal Co., 158 S. W. 420; Crawford v. Elliot, 78 Mo., 497, 85 U. S. (18 Wall) 307.

*Garry H. Yount* and *C. P. Turley* for Respondent.

(1)   If a person agrees to buy and another person to sell all the supplies of a certain kind the former may need or that the latter may have to sell, there is no want of mutuality, and the contract is binding. Clark on Contract, page 171; Sheffield Furnace Company v. Hull, C. & Co., 14 So. 672; Wells v. Alexandre, 130 N. Y. 642; Lawson on Contracts, sec. 96. (2)   Though the contract was unilateral in the first instance it became binding on defendant when plaintiff manufactured the ties, offered to deliver them and incurred that expense under the contract. Jones v. Durgin, 16 Mo. App. 370; Reynolds v. Walsh-Griffith Tie & Lbr. Co., 227 S. W. 438; Typewriter Co. v. Realty Co., 220 Mo. 523 and cases cited; Nicholson v. Cement Plaster Co., 145 Mo. App. 523; Wallace v. Workman, 187 Mo. App. 116-117, and cases cited; Clark on Contracts, page 169; 1 Parsons on Contracts (9 Ed.), page 488; 9 Cyc. 333. (3)   Record proper must show the filing of bill of exceptions. Its failure to do so leaves nothing before the court for review but the record proper. Riley v. Baggs et al., 203 S. W. 650; Tracy v. Tracy et al., 201 S. W. 902, and cases cited. (4)   Where the motion for the new trial

was not included in the bill of exceptions as required, no matter of exceptions is open to review on appeal. State ex inf. v. Morgan, 268 Mo. 271, and cases cited; Anderson v. Grain Co., 208 S. W. 632, and cases cited. (5) Under the well-settled practice and rules of court, the evidence, the motion for new trial and arrest, . . . in fact all matters of exception not constituting part of the record proper, must be incorporated in the bill of exceptions, or else they would not be noticed by this court. State v. Griffin, 98 Mo. 674, and cases cited.

BRADLEY, J.—This is an action for damages for breach of contract relative to some ties. The cause was tried before the court and a jury, resulting in a verdict and judgment in favor of plaintiff for $1203.45. Failing to get a new trial on motion defendant appealed.

The contract relied on is in the form of a letter and is as follows: "Poplar Bluff, Mo., 1-6-1920. Mr. Green Malloy, Fremont, Missouri. Dear Sir: In confirmation of our agreement you will please enter our order for all your oak ties until further notice, price as follows: (Here follows description of ties and prices) Terms, sight draft, f. o. b. cars Fremont, Mo. Inspection by representative W. L. E. or C. & I. Ry., most probably Mr. Wm. Orrick. Yours truly, (Signed) Egyptian Tie and Timber Co. Per R. A. Milster." Under this contract plaintiff within two months cut and delivered at Fremont, ready for inspection and shipment, ties amounting to $1958.45. Defendant, it seems, had made arrangements with other parties to take the ties cut by plaintiff, and these parties failed to take said ties, and therupon defendant refused to take plaintiff's ties. Plaintiff, after waiting on defendant for quite a while to take said ties, sold them to another company and sued for his losses.

Defendant stands on two propositions in its brief. First, it contends that the contract sued on is unilateral and void, and that its requested instruction in the nature of a demurrer should have been given, and, second, that

the court erred in excluding evidence explaining the circumstances or conditions under which the contract was made.

We are of the opinion that the contract in the beginning was unilateral, because under its terms no specified number of ties was mentioned. "Enter our order for all your oak ties until further notice" was not such an order or purchase as required plaintiff to furnish any ties; he was not *bound* to do anything under this indefinite contract. Hudson et al., v. Browning, 264 Mo. 58, 174 S. W. 393; Reigart v. Manufacturers Coal & Coke Co., 217 Mo. 142, 117 S. W. 61; Campbell v. American Handle Company, 117 Mo. App. 19, 94 S. W. 815; Cal Hirsch & Sons Iron & Rail Co. v. Railroad, 48 Mo. App. 173, 127 S. W. 623; Royal Brewing Co. v. Uncle Sam Oil Co., — Mo. App., —, 226 S. W. 656.] It appears here, however, that plaintiff cut and delivered at Fremont 1820 ties under this contract, and that defendant accepted one load before there was any intimation from defendant that it would not accept the ties. In fact it was about four months after the ties were cut and delivered at Fremont before defendant definitely announced that it would not accept the ties. During this time defendant's excuse was, as appears from the record, that it could not get an inspector. This is not a case like those cited supra, where the unbound party to a unilateral contract is suing for its breach before performance on his part, but here plaintiff, not bound in the beginning, performed to the extent of cutting 1820 ties under the contract, and is contending that in this situation defendant was bound to accept the ties cut and tendered, notwithstanding the lack of mutual obligation in the beginning, or respond in damages. We think plaintiff's contention is sound and sensible and in accordance with the law of this State upon the question. Want of mutuality and lack of consideration are frequently closely related, and a consideration of the one soon discloses its relation to the other. Discussing the law of mutuality of contracts, 6 R. C. L., page 686, says that what-

ever may be the rule with respect to the specific enforcement of contracts there can be no doubt that if a contract is ever unenforceable in other ways because of the lack of mutuality it is because such lack of muuality creates a want of consideration. In Underwood Typewriter Co. v. Century Realty Co., 220 Mo. 522, 119 S. W. 400, the principle is laid down as appears in the second syllabus that a nude unilateral agreement, supported by a valid consideration because the promisee has performed, is enforceable, and for its breach the promisor must respond in damages and no mere whim or caprice will be accepted as a refusal to perform, although the promisor can recover nothing if the promisee does nothing in pursuance to the promise. [See, also, Schlitz Brewing Co. v. Poultry and Game Co., 287 Mo. 400, 229 S. W. 813; Bank v. Pillman, 176 Mo. App. l. c. 438, 158 S. W. 433; Wallace v. Workman, 187 Mo. App. 113, 173 S. W. 35.; Reynolds v. Walsh-Griffith Tie & Lumber Co., — Mo. App., —, 227 S. W. 438.] We are clearly of the opinion that defendant's instruction in the nature of a demurrer was properly refused.

As to the second contention that the court erred in rejecting evidence pertaining to the circumstances or conditions under which the contract was made; defendant at no time made any offering or definite showing as to what this evidence would be, and in this situation the competency of the evidence, whatever it was, is not before us. [Edwards v. Yarbrough, — Mo. App. —, 201 S. W. 972.]

The judgment below should be affirmed and it is so ordered. *Cox, P. J.,* and *Farrington, J.,* concur.